IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JULIE R. WHATLEY, Administratrix of the Estate of CURTIS STEEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:25-CV-379 |
| AUSTIN S. EASON, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

The defendants have filed motions to seal various exhibits offered in support of their motions for summary judgment. Officer Eason seeks to seal almost the entirety of the investigation report he filed about the incident underlying this case. Sheriff Kimbrough, the Forsyth County Sheriff's Office, and Travelers Casualty and Surety Company (the "Sheriff's Office Defendants") seek to seal Officer Eason's training certificates, his personnel file, and records related to the internal investigation into the incident underlying this case.

The defendants have not identified a sufficient basis for keeping these exhibits secret from the public, nor have they complied with this district's local rules governing motions to seal. Denying the motions to seal would be entirely appropriate. However, some of the exhibits contain personal identifying information of non-parties and details about internal police procedures that do not seem relevant to the disposition of the motions for summary judgment. The Court will deny the motions to seal and unseal the

training certificate exhibits. As a matter of grace and to protect the interests of non-parties, the Court will give Officer Eason an opportunity to provide a revised version of his exhibit with more limited redactions and will allow the Sheriff's Office Defendants to either provide redacted versions of Officer Eason's personnel file and the internal investigation records or to file renewed motions to seal that comply with the relevant local rules and legal standards.

## I.     Motion to Seal Standard

The public has a right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("The courts of this country recognize a general right to inspect and copy judicial records and documents." (cleaned up)). This right of public access derives from the First Amendment and the common law. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 170–71 (4th Cir. 2024).

When a party asks to seal judicial records, the Court "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Va. Dep't of State Police*, 386 F.3d at 576 (cleaned up). "The distinction between the rights of access afforded by the common law and the First Amendment is significant because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *In re Application of the U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (cleaned up); *see also Oberg*, 105 F.4th at 171 (explaining that "while

2

common-law protections are broad but shallow, First Amendment protections are narrower but deeper").

The First Amendment right of access applies only to particular judicial records and can only be restricted if there is "a compelling governmental interest" that is "narrowly tailored." *See Co. Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Some private interests can also overcome a First Amendment right of access, but in limited circumstances. *See, e.g.*, *United States v. Doe*, 962 F.3d 139, 147–48 (4th Cir. 2020) (concluding a First Amendment right of access can yield to "a compelling interest" and analyzing both the defendant's and government's interests in sealing documents).

To determine whether the motion to seal should be granted, courts evaluate: (1) whether sealing the information serves a compelling interest, (2) whether in the absence of sealing, there is a substantial probability that the compelling interest will be harmed, and (3) if no alternatives would adequately protect the compelling interest. *See id.* at 146. The compelling interest must be "narrowly tailored," and the moving party must present "specific reasons that justify restricting access to the information; conclusory assertions are not sufficient." *See Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 15-CV-274, 2017 WL 6001818, at *3 (M.D.N.C. Dec. 4, 2017) (cleaned up); *see also Pub. Citizen*, 749 F.3d at 270 (4th Cir. 2014); *Va. Dep't of State Police*, 386 F.3d at 575 (holding that the moving party must "present specific reasons in support of its position"). If a court decides to seal judicial records, it must make specific findings and state the reasons for its decision to seal over less drastic alternatives. *Va. Dep't of State Police*, 386 F.3d at 576.

The Fourth Circuit has "squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Pub. Citizen*, 749 F.3d at 267; *Oberg*, 105 F.4th at 168, 171–72. Materials related to a summary judgment motion can be "important to the public understanding of the court's summary judgment decision" and to public oversight of the courts. *See Huntley v. Crisco*, No. 18-CV-744, 2020 WL 9815384, at *1–2 (M.D.N.C. Sep. 25, 2020); *Pub. Citizen*, 749 F.3d at 267. Public access promotes the institutional integrity of the judicial branch, ensures basic fairness, and deters official misconduct. *See Pub. Citizen*, 749 F.3d at 263; *Oberg*, 105 F.4th at 172–73.

## II.    Officer Eason's Motion

Following the events underlying this case, Officer Eason submitted a report documenting the incident with Mr. Steen. Doc. 49-1 at p. 4 ¶ 16, pp. 8–17. He has filed on the public docket a heavily redacted copy of that report as an exhibit in support of his motion for summary judgment, *id.*, and, subject to the motion to seal, has filed a non-public unredacted copy for consideration by the Court. Doc. 52. He moves to seal the unredacted copy. Doc. 53.

The burden to show a judicial document should be kept secret from the public is on the person who seeks secrecy. *See, e.g.*, *United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Conclusory assertions of confidentiality are not enough. *See, e.g., Senderra Rx Partners, LLC v. Blue Cross Blue Shield of N.C.*, No. 18-CV-871, 2019 WL 9633640, at

4

*3 (M.D.N.C. July 26, 2019).  Consistent with these well-established requirements, this Court's local rules provide that:

> No motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection, with evidentiary support, including affidavits or declarations, and with citation to any supporting statutes, case law, or other authority.

LR 5.4(c)(3).  Compliance with the local rules is mandatory; they are not a mere suggestion.  *See Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (explaining that local rules "have the force of law" (cleaned up)).  And attorneys are required to certify their familiarity with the local rules before being admitted to the bar of this Court.  LR 83.1(b).  Moreover, the importance of following these rules was emphasized in a court order filed early in this case.  Doc. 7 at ¶ 7.

Here, Officer Eason's motion to seal was not accompanied by any evidence.  The only proffered basis for sealing is that the report "contains confidential identifying information."  Doc. 53 at 1.  That vague and conclusory statement, unsupported by any legal argument, is insufficient to justify keeping the bulk of the report secret, especially since much of the redacted information is in Officer Eason's publicly-filed affidavit and appears to be highly pertinent to Officer Eason's motion for summary judgment.  *See Pub. Citizen*, 749 F.3d at 267.

As the defendants should know, "[o]verbroad or unsupported motions [to seal] will be denied without a second chance."  Doc. 7 at ¶ 7(a) (court order about motions to seal).  But it is apparent that the report does contain some immaterial personal identifying information of non-parties, *e.g.,* Doc. 52 at 8; *see* Fed. R. Civ. P. 5.2, the disclosure of

5

which would serve no apparent public purpose.  Thus, the Court will permit Officer

Eason to provide a new copy of the investigative report, Doc. 49-1, to the Clerk's

Operations Manager, with redactions limited to non-pertinent personal identifying

information, such as complete birthdates, phone numbers, employers, etc.  That updated

copy will be substituted on the public docket for the current exhibit at Doc. 49-1.  The

sealed unredacted copy, presently located on the docket at Doc. 52, will be stricken.

Counsel for Officer Eason is reminded that there is no need to file unredacted

documents and an accompanying motion to seal if the redacted information is irrelevant.

LR 5.4(a)(3); *see Custer v. Dovenmuehle Mortg., Inc.*, No. 24-CV-306, 2026 WL 45284,

at *2 (M.D.N.C. Jan. 7, 2026).  Counsel is also reminded that "the Court may impose

sanctions, including attorney's fees, for filing unsupported or overly broad motions to

seal."  LR 5.4(a)(4).

### III.    Sheriff's Office Defendants' Motion

The Sheriff's Office Defendants move to entirely seal three exhibits filed in

support of their motion for summary judgment:  Officer Eason's training certificates,

Doc. 57; Officer Eason's personnel file, Doc. 57-1; and records from the internal

investigation into the events underlying this case.  Doc. 57-2.  These defendants have not

filed any evidence to support the motion to seal, but they did file a brief in support of

their motion.  Doc. 59.

In sum, they contend that the documents consist of internal police files that are

protected by state and federal statute and are otherwise "not ordinarily available to the

public."  *Id.* at 3–4.  But the Sheriff's Office Defendants have not identified what statutes

6

prevent disclosure of these records. Even if there are such statutes, courts must decide if the interests in non-disclosure are compelling and outweigh the competing public interest in access to the information. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). Once a party voluntarily injects a confidential record into a case, a privacy statute is not a "Get Out of First Amendment Free" card. *See Franklin v. City of Charlotte*, No. 20-CV-330, 2021 WL 5443566, at *3–4 (W.D.N.C. Nov. 19, 2021).

Furthermore, the fact that the documents would not ordinarily be available to the public is neither remarkable nor a sufficient basis for sealing them. It is often the case that litigation exhibits contain information that is not otherwise publicly available. "For better or worse, parties to litigation air their laundry in public." *Bell v. WestRock CP, LLC*, No. 17-CV-829, 2019 WL 13251242, at *1 (E.D. Va. Sep. 4, 2019).

The training certificates, Doc. 57, include little more than Officer Eason's name and the title of each course, and there is no obvious basis for sealing. The motion to seal these exhibits will be denied. *See* Doc. 7 at ¶ 7(a) (court order reminding litigants that unsupported motions to seal "will be denied without a second chance.").

From a cursory inspection of the other exhibits, Officer Eason's personnel file, Doc. 57-1, and the internal investigation documents, Doc. 57-2, it appears that they do contain some largely irrelevant personal and sensitive information. As to at least some of this information, to the extent it is material, the relevant government and privacy interests may outweigh any public interest in access.

But this information is mixed in with relevant evidence for which there is no apparent basis to seal, making the motion overbroad. The two exhibits total some 100

7

pages, and the Court has not and will not take the time to comb through them and identify the irrelevant or sensitive information. If a party wants to seal information, that party must do the work. LR 5.4(c)(8).

The Court could simply unseal the documents in their entirety. That is what ordinarily happens when a party does not take seriously the mandatory requirements associated with motions to seal. *See* Doc. 7 at ¶ 7(a). Sanctions are also sometimes appropriate. LR 5.4(a)(4).

Here, the Court will strike the exhibits to protect the confidentiality of non-parties and irrelevant internal police procedures. As a matter of grace, the Court will permit the Sheriff's Office Defendants to file renewed motions to seal portions of Officer Eason's personnel file and the internal investigation documents; the proposed redactions from the public record must be narrowly tailored, the motion must identify with specificity the information sought to be sealed, and the motion must be supported by a brief and evidence providing a particularized basis for sealing each piece of information. As a reminder to counsel, irrelevant information can be redacted without a motion to seal, so long as the unredacted information is not filed under seal. *See* LR 5.4(a)(3). If no such motion to seal is filed, the Court will not consider the stricken exhibits in connection with the motion for summary judgment.

## IV.   Conclusion

The defendants have ignored the well-established case law and local rules governing motions to seal. They have not satisfied the threshold requirements for sealing their exhibits. The requirements of the local rules are no more onerous than necessary,

and compliance prevents an unnecessary tax on the Court's time and attention. As to some exhibits, the motion to seal is denied for failure to show any adequate basis for secrecy. The Court will strike other exhibits to avoid potential harm to non-parties and will give the defendants another chance at filing their exhibits with fewer redactions. If the defendants remain unable or unwilling to comply with the requirements of Local Rule 5.4 and the applicable case law in this circuit, the Court will not consider the stricken exhibits in connection with the motions for summary judgment. Other sanctions may be appropriate. *See* LR 5.4(a)(4).

It is **ORDERED** that:

1. Officer Eason's motion to seal, Doc. 53, is **DENIED** and the Clerk shall **STRIKE** Doc. 52. If defendant Eason wants the Court to consider the stricken exhibits, then no later than July 27, 2026, Officer Eason **SHALL** provide the Clerk's Operations Manager with a revised copy of Doc. 49-1 with redactions limited to the personal identifying information of witnesses. The Clerk will substitute the revised version on the public docket.

2. The Sheriff's Office Defendants' motion to seal, Doc. 58, is **DENIED in part** as to Doc. 57 **and DENIED without prejudice** as to Docs. 57-1 and 57-2. The Clerk shall **UNSEAL** Doc. 57 and shall **STRIKE** Docs. 57-1 and 57-2. If the Sheriff's Office Defendants want the Court to consider the stricken exhibits, they may, no later than July 27, 2026, publicly file the exhibits, with only redactions of irrelevant information, or file a renewed motion to seal that complies with the

9

requirements of the case law and LR 5.4 and is accompanied by unsealed copies with narrower redactions.

This the 14th day of July, 2026.

_____
UNITED STATES DISTRICT JUDGE